SAKS et al. v. DRAKE et al.

(Supreme Court, Appellate Term, Second Department. December 13, 1912.)

ACCORD AND SATISFACTION (§ 5*)—CONSIDERATION—NOTES—PAYMENT.

Where plaintiffs had a disputed account of $579.25 against defendants, which defendants agreed to settle by paying $50 cash and executing notes, in all amounting to $298.99, which was the amount defendants conceded to be due, and which were accepted by plaintiffs, the subsequent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

payment of the notes constituted a good consideration for an accord and satisfaction, and plaintiffs were therefore not entitled to recover the alleged balance of the indebtedness.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 40–45; Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Louis Saks and another, doing business as the American Showcase Company, against Herbert B. Drake and others, doing business as H. B. Drake & Co. Judgment for plaintiffs, and defendants appeal. Modified.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Douglas Nicholson, of New York City, for appellants.
Ben. W. Slote, of Brooklyn, for respondents.

PER CURIAM. Defendants appeal from judgment in favor of plaintiffs for $253.32. It appears, without dispute, that on July 20, 1911, there remained an unpaid balance of $579.25 for merchandise sold and delivered by plaintiffs to defendants, upon orders at fixed prices, and a claim for extra labor furnished. Of this balance defendants conceded $298.99 as due to plaintiffs, but made claim for deductions aggregating $280.26 for improper work and defects in construction of a part of such merchandise, and an overcharge in said item for labor, of which deductions plaintiffs conceded $4.24.

Plaintiffs were for some time pressing settlement of their account, and wrote defendants in July that they would not do their work or any further business with them until the account was settled. No further business was transacted between them until the last note was paid. On August 10th defendants paid $50 on account, and claim that on September 29th there was an accord and satisfaction of said account by giving two promissory notes, one for $124.50, due October 20, 1911, and the other for $124.49, due November 20, 1911, each bearing interest at 6 per cent. which notes were paid at maturity. The accord is sought to be established in this way: Charles Drake testified that Rabinowitz, Jr., called and "said he had come to get a settlement of the account"; that Drake replied that they would give two notes, due October 20th and November 20th, "each for half of the account as per * * * statement" of July 20th, Rabinowitz then saying "he would take it up with his father"; that the following morning Rabinowitz, Sr., said over the telephone, "We will accept your offer of settlement of the account and send over the notes." On the same day the notes were sent, together with a letter, stating that, "in accordance with arrangements made with you this morning by telephone," the notes inclosed covered "balance due on old account as per our statement of July 20, 1911." Rabinowitz, Sr., denies any talk with plaintiffs over the telephone, while Rabinowitz, Jr., admits the talk about the note settlement, and that he said, "Well, I will let you

know," and testified that he "went back," and, of course, "he sent us the notes."

It is to be noticed that the aggregate of the two notes which are claimed to have been given in settlement and the $50 paid on August 10th is the amount which was conceded, namely, $298.99. The receipt and reading of the letter inclosing the notes is admitted by Rabinowitz, Sr., who, in reply to the question, "Why didn't you tell the defendants that you didn't accept those notes in full settlement of the account as that letter stated?" answered:

"We didn't say nothing. We were glad to get some money out of them, and as soon as we got the notes we were more than glad to have it."

Thus an accord was reached, the notes having been given in settlement of the account as per defendants' statement of July 20th. Plaintiffs' silence, from the receipt of the notes until subsequent to their payment, is significant, and may be taken as evidence of acquiescence. True, the notes involved the promise of future payment; but, when paid, the promise had been performed and became a good consideration. There was a bona fide dispute between the parties as to the items in question, among which was the claim for extra labor on the Ajax job, growing out of threatened labor troubles.

Defendants concede that there is due to plaintiffs $25.44 for merchandise covered by the item of December 11, 1911, for which amount only, as shown by the proofs here, should judgment have been directed for plaintiffs. It is unnecessary to consider the other question; i. e., the merits of defendants' claim for deductions, as to the merits of which no opinion is expressed.

Judgment reduced to $25.44, with appropriate costs in the Municipal Court to the plaintiffs respondents, and with costs of appeal to the defendants appellants.